Manly, J.
 

 According to the view which we take of this case, the true question is, whether there has been a valid substitution of one debtor for another. By the purchase of the schooner, the defendant, Bell, became bound to the executor of Pettijohn for the sum bid, and also undertook to pay the debts due from the testator, on account of the schooner, in* eluding the debt in question.
 

 Considering this transaction in the most favorable light for the plaintiff, and we have the defendant indebted for the
 
 *224
 
 schooner to the executor, in sundry amounts, including plaintiff’s debt, and an agreement between executor and defendant, that the latter should pay these debts to the various creditors.
 

 Such a substitution of one debtor for another is practicable without writing, but it cannot be effected, except by clear and unequivocal assent on the part of the creditor, and a discharge by him of the original debtor and an acceptance of the substituted one. There must be a mutual agreement between all the then parties (the creditor, his immediate debt- or, and his intended new debtor) to the substitution. For, if the original debt continues to subsist, there is no consideration. Addison on Contracts, 1004-5;
 
 Cuxon
 
 v.
 
 Chadley,
 
 10 Eng. Com. L. Rep. 191.
 

 The question, then, is, has the creditor, Styron, made himself a party to this arrangement, by assenting to it — discharging the original debtor and accepting the defendant, Bell, in his stead, so as to establish a consideration, a promise and the relation between the parties of creditor and debtor in respect to this demand due from Pettijohn’s estate ?
 

 It seems from the statement of facts in the case, that Styron was not present at the sale of the schooner or at the agreement, as above stated, that the debt to him was not mentioned particularly, and that plaintiff and defendant had neither interview nor understanding about the matter since the sale.
 

 Upon this state of facts, there seems to be no evidence of an assent, on the part of Styron, to the extinguishment of his demand against the executor of Pettijohn, or of his purpose to accept Bell instead of the other. All that can be reasonably inferred from the fact that he has instituted suit against Bell, is, that he is willing to loolc to him as a collateral source from which the money may be obtained. The case of
 
 Cuxon
 
 v.
 
 Chadley
 
 above referred to, raised, mainly, the question whether the original debtor had been discharged, so as to raise a consideration. It was proved that the creditor had made a transfer on his books of the debt, to the account of the new debtor, but nothing else appearing, it was held insuffi
 
 *225
 
 cient. “ It must,” says the Court, “ be expressly agreed to discharge the original debtor. There is nothing in the ease from which such an agreement may be even inferred. The demand of the money, if one had been made, would not justify such inference, for that is entirely consistent with his taking it as collateral security. Supposing it to be merely an indicative or collateral source of payment, it would be strange to hold that a demand, accompanied by refusal, would be a discharge of the prior debtor. A suit is no more decisive evidence of a substitution, than a demand, and the bringing of a suit cannot be considered an act of assent to the contract, and thereby support the action ; for by the supposition, there was no contract until the suit was brought.”
 

 There is a class of cases in which a promise to one is held to enure to the benefit of another, but all these cases, it is believed, turn upon the idea of principal and agent, and have no bearing on the one now before us. The construction which we put upon the admissiou of the defendant’s counsel, leaves open the question which we have here discussed, viz: the sufficiency of a consideration, as between the parties, to support a promise by implication from the one to the other. There is no evidence that Bell was ever looked to by Styron, as an indicative or collateral source for payment, or that there was, by arrangement, an extinguishment of his claim upon the estate of Pettijohn, and, consequently, there was no consideration between them, for the promise alleged as the basis of this suit.
 

 The view taken of the case, by the Court below, does not at all affect our conclusions. Assuming that the substance of the transaction between the executor and Bell, was the leaving of a sum of money in the latter’s hands, to pay Styron, and other creditors of Pettijohn, it will follow, upon principle and authority, that it cannot be recovered by Styron, except by a novation or substitution of one debtor for the other, in the manner already stated. Tire case of
 
 Butterfield
 
 v. Hartshorn, 7 New Hampshire Rep. 345, was a case precisely
 
 *226
 
 of the kind supposed, and it was there held the action could not be sustained.
 

 The statute of frauds, making void promises to pay the debt of another without writing, would be an obstacle to the recovery in other points of view, but we think it unnecessary to enter upon that.
 

 There should be a
 
 v&rwre de novo!
 

 Per Curiam,
 

 Judgment reversed.